# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2013

Lyle W. Cayce
Clerk

No. 12-51268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LEOBARDO SANCHEZ-TORRES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1012-1

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Leobardo Sanchez-Torres appeals the 88-month, within-Guidelines sentence imposed in connection with his conviction for illegal reentry following deportation. Sanchez contends his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). In support, he challenges the application of Guideline § 2L1.2 (unlawfully entering or remaining in the United States) in calculating his advisory sentencing range, asserting the Guideline is not empirically based,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

double counts his prior conviction, and fails to account for the nonviolent nature of his offense, which he asserts is, "at bottom, a trespassory offense". Sanchez also contends the district court failed to account for his personal circumstances and the circumstances of this offense. Specifically, he notes he has suffered from alcoholism and is in ill health.

Sanchez' presentence investigation report recommended an offense level of 21, which included a 16-level increase for previously being deported following a crime of violence. Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Sanchez does not claim procedural error; instead, he maintains only that the challenged sentence was substantively unreasonable.

Although Sanchez challenges our court's application of the presumption of reasonableness as applied to his within-Guidelines sentence under Guideline § 2L1.2, he acknowledges that the issue is foreclosed and raises it only to preserve it for possible future review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-367 (5th Cir. 2009) (rejecting same identical argument).

Sanchez' "double-counting" contention fails, *see United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009), as does his contention that Guideline § 2L1.2 results in an excessive sentence because it is not empirically based, *see United States v. Rodriguez,* 660 F.3d 231, 232-33 (5th Cir. 2011). Similarly, our court has rejected the contention that the Guidelines fail to account for the

nonviolent nature of an illegal reentry offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Sanchez' request for a sentence at the low end of the advisory sentencing range but ruled that a sentence in the middle of the range was appropriate, including because of Sanchez' criminal history. Sanchez' contentions regarding his mitigating factors do not rebut the presumption of reasonableness. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.